# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **KARLTON A. MAYDWELL,** | § | |
| **Plaintiff** | § | |
| | § | |
| | § | **CIVIL ACTION NO. 3:19-cv-00051-S** |
| **vs.** | § | |
| | § | |
| | § | |
| **CIARA FINANCIAL SERVICES, INC. dba** | § | |
| **CLAY COOLEY AUTO GROUP** | § | |
| **Defendant** | § | |
| | § | |

---

### DEFENDANT'S MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULT WITH MEMORANDUM OF AUTHORITIES

---

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT:

Comes now Ciara Financial Services, Inc., improperly named in Plaintiff's Complaint as "Ciara Financial Services Inc. d/b/a Clay Cooley Auto Group", and specially appears pursuant to FED. R. CIV. P. 55(c) to make and submit this, **Defendant's Motion to Set Aside Clerk's Entry of Default with Memorandum of Authorities.** Defendant requests that the Court vacate the Clerk's Entry of Default against Defendant, entered February 15, 2019 (Doc No. 11).[1]

---

[1] In making this special appearance, Defendants do not waive any defenses subject to Fed. R. Civ. P. 12(b), and specifically assert the following defenses: 1) lack of subject matter jurisdiction; 2) lack of personal jurisdiction; 3) insufficient process; 4) insufficient service of process; and 5) failure to state a claim upon which relief may be granted.

---

## I. <u>Summary of the Defendant's Grounds and Argument</u>

The Defendant's grounds for vacating the Clerk's Entry of Default are essentially two:

1)  Ciara Financial Services, Inc. is a Texas domestic corporation in good standing and can  be served by  delivering the summons and complaint to the registered agent for service of process or another authorized corporate representative.  Plaintiff's proof of service demonstrates that he did neither, and his attempt at service was wholly defective;  and

2)  If the Plaintiff's alleged service on a person who is not the registered agent  and  not  shown  to  be  otherwise  an  authorized  corporate representative should be  for  any  reason  accepted  by  the  Court,  then Defendant would show that there is good cause for the court to set aside the Clerk's entry of default.   Defendant has shown that its failure to timely submit  an  answer  to  the  Complaint  was  not  the  result  of  conscious  or intentional conduct, but rather because of mistake, inadvertence, surprise, or excusable neglect.  Defendant has further shown that  setting aside the default  entry  of  the  clerk  will  not  prejudice  the  Plaintiff.    And  finally, Defendant has shown that it has a meritorious defense to the underlying claim of Plaintiff.

## II. Defective Service of Process

An entry of default cannot be made unless a defendant has been properly served with process and afterwards has failed to appear or defend in the case. The burden of proof to

establish proper service is on the Plaintiffs - the parties on whose behalf service is made.[2]

In this case, Ciara Financial Services  was not properly served through its registered agent

for service of process, Clay Cooley.  Because proper service was never completed upon

the Defendant,  the Court should vacate the entry of default on file in this case.  Defendant

further requests that the Court issue an immediate ruling on this motion because there is

nothing Plaintiff can say that will change the status of his defective service attempt  at this

point in the case, or alter the need for an order vacating the entry of default.

### III.  Proper Service of Process is Required Before a Default may be Entered

Before a default may be entered in the record, a defendant must be properly served with

process and in spite of that service not answered or provided some other defense to the

plaintiff's allegations.  FED. R. CIV. P. 55(c) provides that  "[t]he court may set aside an entry

of default for good cause." [3]   The learned scholar Charles Alan Wright puts it even more

fervently:  "Before a default can be entered, the court must have jurisdiction over the party

against whom the judgment is sought, which also means that the party must have been

effectively served with process."[4]


A defendant's obligation to file an answer is not triggered until that defendant is correctly

served.  The courts have held repeatedly that it is axiomatic that service of process must

---

[2] Winters v. Teledyne Movible Offshore, Inc., 776 F.2d 1304, 1305 (5th Cir. 1985); Familia de Boom v. Arosa Mercantil, S.A., 629 F.2d 1134, 1139 (5th Cir. 1980), cert. denied, 451 U.S. 1008 (1981).

[3] Fed. Rule Civ. P. 55(c); Kidd v. Livingston, Civil  Action No. 6:08cv257, 2008 WL 5377976 at *1 (E.D. Tex. Dec. 22, 2008).

[4] 10A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE,  FEDERAL PRACTICE AND PROCEDURE CIVIL 3D § 2682,  (3d Ed. 1998) (citations omitted);  see also, see Haldane v. Crockford, No. Civ. A. 97-2483-LFO, 1998 WL 419617 at *3 (D.D.C. April 23, 1998) (holding that when service was not

---

be effective under the Federal Rules of Civil Procedure before a default or default judgment may be entered against a defendant.[5]  The conclusion to be drawn from the litany of cases holding proper service is a fundamental prerequisite to default judgment, is that without effective and proper service of process, there can be no entry of default.

### IV. There was No Service of Process on the Registered Agent for the Corporate Entity, Ciara Financial Services, Inc.

Service of process upon a corporation can be accomplished according to the provisions of Fed. R. Civ. 4 (h):

> **(A)** in the manner prescribed by Rule 4(e)(1) for serving an individual [i.e., according to state law]; or

> **(B)** by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant.[6]

Plaintiff judicially admits that the proper registered agent for Ciara Financial Services, Inc. is a person different than the one he claims he served.  In Paragraph 6 of the Complaint,[7] Plaintiff pleads that Defendant is a corporation formed under the laws of the state of Texas with Clay Cooley as its registered agent.  To the extent that the allegation of Paragraph 4

---

completed on the defendant, default  could not be entered).

[5] Dahl v. Kanawha Inv. Holding Co., 161 F.R.D. 673, 685 (N.D. Iowa 1995);  Haldane v. Crockford, No. Civ. A. 97-2483-LFO, 1998 WL 419617 at *3 (D.D.C. April 23, 1998) (holding that when service was not completed on the defendant, default could not be entered).

[6] Fed. R. Civ. P. 4 (h) (1) (A) & (B).

[7] Complaint, Document No. 1,  Paragraph 6 at page 2.

refers to Ciara Financial Services, Inc. only, the allegation is correct.  But the identification of the registered agent, Clay Cooley, is  at variance with the proof of service which Plaintiff's counsel seeks to offer by the file-marked copy of Plaintiff's Summons in a Civil Action (Document No. 9).  The return of service proves service, not on Clay Cooley, but upon another person, Chase Cooley.[8]  Significantly, there is no proof  that Chase Cooley is a managing or general agent, or authorized by appointment or law to receive service of process, as required by Rule 4.   In addition to the defect appearing on the face of the return of service,  Plaintiff's counsel confirms the service error in the Affidavit of Nathan C. Volheim, attached to Plaintiff's Motion for Entry of Default (Document 10, page 3).  Attorney Volheim  unabashedly swears that "the complaint and summons in this action were served  on Defendant CIARA FINANCIAL SERVICES, INC . . . . ;  that service was properly made by Matt Foster, a certified process [sic; word missing]  and ***effectuated on Chase Cooley*** . . . ."[9]


Plaintiff's proof of service is utterly lacking to show what kind of entity Clay Cooley Auto Group is, or may be, and whether any steps were taken to properly serve Clay Cooley Auto Group.

## V.  Good Cause

Even if Plaintiff had properly served Ciara Financial Services, Inc.  with the summons and complaint, Ciara Financial Services, Inc.  has demonstrated good cause to have the entry of default set aside and Plaintiffs' motion for entry of default denied.

---

[8] Return of Summons in a Civil Action, Document 9, at page 2.

[9] Affidavit for Entry of Default, attached to Plaintiff's Motion for Entry of Default, Document 10, page 3 [emphasis supplied].

FED. R. CIV. P 55 (c) provides that, for good cause shown the court may set aside an entry of default.   The term  'good cause' is not susceptible of precise definition, and no fixed, rigid standard can anticipate all of the situations that may occasion the failure of a party to answer a complaint timely.[10] The Fifth Circuit has explained that:

> The requirement of good cause has generally been interpreted liberally. Three factors are examined for determining good cause vel non: (1) whether the failure to act was willful; (2) whether setting the default aside would prejudice the adversary; and (3) whether a meritorious claim has been presented. These factors are not exclusive; instead, they are to be regarded simply as a means to identify good cause. Other factors may be considered, such as whether the party acted expeditiously to correct the default.[11]

These factors are not exclusive, and the courts  will consider others. The ultimate inquiry remains whether the defendant shows good cause to set aside the default. The district court need not consider all of these factors.[12]

The  courts apply essentially the same flexible standard to motions to set aside a default and a judgment by default.  However, relief from clerk's entries is  more readily granted

---

[10] In re Dierschke, 975 F.2d 181, 183 (5th Cir. 1992).

[11] Effjohn Int'l Cruise Holdings, Inc. v. A&L Sales, Inc., 346 F.3d 552, 563 (5th Cir. 2003) (citations, internal quotation marks, brackets, and ellipsis omitted).

[12]   CJC Holdings, Inc. v. Wright & Lato, Inc., 979 F.2d 60, 64 (5th Cir. 1992) (citations omitted).

than a motion to set aside a default judgment.[13]  Default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations.[14]  In accord with that policy, a party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default.[15]    In cases where there are no intervening equities, any doubt should  be resolved in favor of the movant to the end of securing a trial upon the merits.[16]

## VI. Facterology

With the court's indulgence, we provide this explanation for how the most relevant factors for a good cause analysis tend to militate in favor of Defendant.

### Factor 1:  Ciara Financial  Services, Inc.  did not willfully fail to answer.

In this case, Ciara Financial Services, Inc.   Failure to file an answer to Plaintiffs' complaint is understandable and excusable. As Ed Hicks, Jr., the Chief Operating Officer for Ciara Financial Services, Inc. explains, Ciara  is a business that engages in providing financing for the purchasers of automobiles.   Understandably, it is a business that generates and receives information with great dependence upon electronic communications.  Sometimes, through no fault of the business or its employees, electronics can let us down.  That is what happened here.  As Ed Hicks Jr. explains in the accompanying affidavit, he received the

---

[13] In re Dierschke, 975 F.2d at 184.

[14] Sun Bank of Ocala v. Pelican Homestead and Sav. Ass'n, 874 F.2d 274, 276 (5th Cir. 1989).

[15] Ganther v. Ingle, 75 F.3d 207, 212 (5th Cir. 1996).

[16] Lacy v. Sitel Corp., 227 F.3d 290, 292 (5th Cir. 2000).

summons and Complaint in a timely manner, and had every intention to delivering it electronically to send to outside counsel.  He undertook the task and fulfilled it – or so he believed.  Although Mr. Hicks dutifully prepared a timely email to transmit the data to Ciara Financial Services, Inc.'s outside counsel, unbeknownst to Mr. Hicks, the email did not transmit but got hung up in his outbox.   This is an unintended event that likely has happened to all of us from to time, and it is completely understandable that an email user might not discovery the un-transmitted email until some reason arises to perform a look back and inspect places  like spam boxes and outboxes.   The event that prompted Mr. Hicks to take such a look as the Plaintiff's Motion for  Entry of Default, which was received by Mr. Hicks on February 19, 2019.  By the time Mr. Hicks had a reason to do some checking, the Clerk's Entry already appeared of record.

We submit that this should be, and is, a fixable problem.  Fed. R. Civ. 55 has the concept of good cause built into its provisions to provide for this very situation, where things happen to result in undesired and unintended delays.   Mr. Hicks has a nose for important dates, and when he found the summons and complaint on February 19, 2019,  he immediately caused it to be forwarded to outside counsel for review and handling.  As counsel for Ciara Financial Services, we have moved with dispatch to investigate, research, and draft this motion and the accompanying affidavit of Ed Hicks, Jr.

**Factor 2:  Plaintiffs Will Not Be Prejudiced by Setting Aside the Entry of Default.**

Setting aside the clerk's entry of default and not entering a default judgment will not unfairly prejudice the Plaintiff.   There is no prejudice where the setting aside of the default has

done no harm to the Plaintiff except to require it to prove its case.[17]   Some courts will conceded that undoing an entry of default is prejudice, but even so, it is not the kind of significant prejudice that rises to the level of weighing against a movant who seeks to have the default lifted.   The mere delay of going back to defining the areas of factual dispute through pleadings does not alone constitute prejudice.[18]   Real actionable prejudice has more substance to it, e.g. as in the loss of evidence, or increased difficulties for discovery, or greater opportunities for fraud and collusion.[19] No such loss exists here, where the delay is only a matter of days, and the Defendant moved with dispatch to cure any possible errors with respect to the timeliness of its appearance.

**Factor 3:  Defendant has meritorious claims and defenses.**

This dispute began after Plaintiff purchased an automobile from a Clay Cooley Auto Group dealership.  As Plaintiff judicially admits, he did not fully pay for the car and fell into arrears on a loan that was negotiated with a separate corporation which is in the business of lending, i.e., Ciara.  At the outset, it is apparent that the lender has not been paid according to the terms of its lending agreement, and Ciara has meritorious claims that at the very lease would serve as offsets against Plaintiff's claims.   In addition, Ciara disputes the allegations about violations of statutory laws, and asserts that all of its actions were lawful activities undertaken in an effort to collect an outstanding and overdue debt.  The factual details of these claims deserve to be heard by a finder of fact before any judgment is entered.   Setting aside the entry of default and denying the Plaintiffs' motion for default

---

[17] Gen. Tel. Corp. v. Gen. Tel. Answering Serv., 277 F.2d 919, 921 (5th Cir. 1960).

[18] Lacy v. Sitel Corp., 227 F.3d at 293.

[19] Berthelsen v. Kane, 907 F.2d 617, 621 (6th Cir. 1990).

judgment will allow this actual controversy be resolved on the merits.

## VII. Request for Extended Answer Date

In addition to other relief sought herein, Defendant requests that the Court enter an order to establish an extended answer date for Defendant in this matter.  Defendant respectfully submits that a fair and reasonable answer date would be March 19, 2019.

WHEREFORE,  Defendant respectfully submits and prays that the clerk's entry of default in this case should be set aside and Plaintiff's Motion for Entry of Default   should be denied. Entry of default was not authorized under Rule 55(a), because Plaintiffs failed to obtain valid service of process,    and because Plaintiff failed to submit proof of proper service upon Defendant, which is an indispensable  precondition to the entry of default.

Furthermore, even if the Plaintiff had properly served Defendant  with process,  Defendant has  demonstrated good cause to have the entry of default set aside and preclude entry of a default judgment. Defendant  did not willfully fail to answer. Its in-house  administrators may have temporarily lost track of  the service of the summons and complaint, but  acted expeditiously to appear in this case once it became aware that service of process had been attempted upon it and to set aside the entry of default. Furthermore, the Plaintiff will not be prejudiced from setting aside the default and proceeding on the merits of this litigation.

Finally, Defendant proposes that the Court set an extended  answer date of March 22, 2019.  Defendant seeks such other and further relief to which it may show itself to be justly

entitled.

Respectfully submitted,

/s/ *Rodney M. Patterson*

By: _____
Rodney M. Patterson
State Bar No. 15605300
Downs   Stanford, P.C.
2001 Bryan Street, Suite 4000
Dallas, Texas 75201
Telephone: (214) 748-7900
Facsimile: (214) 748-4530
rpatterson@downsstanford.com

Attorneys for Defendant Ciara Financial Services, incorrectly sued as Ciara Financial Services dba Clay Cooley Auto Group

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing instrument, including the attached affidavit and exhibits, has been served upon all counsel of record on this the 21st day of February, 2019 in accordance with the **FEDERAL RULES OF CIVIL PROCEDURE**.

/s/ *Rodney M. Patterson*

_____
Rodney M. Patterson