## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| KARLTON A. MAYDWELL,<br>   Plaintiff | §<br>§<br>§ | |
| vs. | §<br>§ | CIVIL ACTION NO. 3:19-cv-00051-S |
| | §<br>§ | |
| CIARA FINANCIAL SERVICES, INC. dba<br>CLAY COOLEY AUTO GROUP<br>   Defendant | §<br>§<br>§<br>§ | |

**DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION AND RULE 12 (B)(6) MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM WITH MEMORANDUM OF AUTHORITIES**

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT:

NOW COMES Defendant **Ciara Financial Services, Inc.** (named incorrectly in Plaintiff's Complaint as "Ciara Financial Services, Inc. dba Clay Cooley Auto Group"), and makes and files this, Defendant's Motion to Dismiss For Lack of Subject Matter Jurisdiction and Rule 12 (B)(6) Motion to Dismiss for Failure To State A Claim With Memorandum of Authorities, pursuant to Rule 12(b) of the Federal Rules of Civil Procedure. Plaintiff Karlton Maydwell's Complaint should be dismissed for failure to state a claim upon which relief can be granted, or alternatively for lack of subject matter jurisdiction.

## I. SUMMARY OF THE ARGUMENT

1.01. Plaintiff filed his Complaint on January 8, 2019. Upon Order of this Court, Defendant answered this Complaint on April 22, 2019, and Defendant also contemporaneously filed this Rule 12(b)(6) Motion to Dismiss. Plaintiff's Complaint arises from circumstances surrounding Plaintiff's purchase and finance of an automobile from Clay Cooley Enterprises, Inc. dba Clay Cooley Motor Company. Mr. Maydwell financed his purchase of the automobile through a retail installment contract and a loan which was provided by Clay Cooley Motor Company, and later transferred to Ciara Financial Services, Inc.

1.02. The Defendant Ciara Financing Services, Inc. ["Ciaria"] Ciara does not do business as "Clay Cooley Group", and Plaintiff's allegation in the caption of this Lawsuit is in error. Plaintiff's claims against Ciara can be summarily dismissed as Plaintiff fails to identify any set of facts or any basis in law for holding Ciara liable for any misconduct under the Telephone Consumer Protection Act, 47 USC §277 et seq. Plaintiff's additional Count II claim is stated solely under state law, and relies solely on the Texas Finance Code for its support. As a state law claim only, the Plaintiff's cause of action for violation of the Texas Finance Code cannot stand on the basis of pendant jurisdiction, as there is no federal question matter for it to attach to.

## STANDARD OF REVIEW

2.01. Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, pleadings that do not set forth claims upon which relief can be granted must be dismissed.[1]

2.02. Although courts in general liberally construe a plaintiff's complaint, more than bare assertions of legal conclusions are required to satisfy federal notice pleading requirements.[2] In practice, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.[3]

2.03. When this Court construes allegations of Plaintiff's Complaint in his favor, the Court will find that the Complaint fails to state a claim for relief against Ciara under any federal statutes theories that form the basis of Plaintiff's claims for relief. Therefore, Plaintiff's claims against Ciara must be dismissed.

### I. PLAINTIFF'S COMPLAINTS UNDER THE TELEPHONE CONSUMER PROTECTION ACT

3.01. Plaintiff alleges that Ciara violated the Telepnone Consumer Protection Act, 47 USC § 277 et seq ["TCPA"] by placing multiple calls to Plaintiff's telephone number, which is alleged to be a cellular telephone number.[4]

---

[1] Jackson v. City of Columbus, 194 F.3d 737, 745 (6th Cir. 1999) (holding that "[d]ismissal pursuant to a Rule 12(b)(6) motion is proper only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations").

[2] Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436-37 (6th Cir. 1988).

[3] Id.

[4] See Plaintiff's Complaint at Paragrapn ___.

3.02. Plaintiff fails to point out to the court that the Federal Communications Commission has specific statutory authority to declare exemptions from TCPA's provisions, and it has done so.  In 47 CFR 64.1200, the Federal Communications Commission has established the following regulation:

(a) No person or entity may:

\* \* \* \* \* \* \* \* \*

(3) Initiate any telephone call to any residential line using an artificial or prerecorded voice to deliver a message without the prior express written consent of the called party, *unless the call*;

\* \* \* \* \* \* \* \* \*

> i. (iii) *Is made for a commercial purpose* but does not include or introduce an advertisement or constitute telemarketing.[5]

3.03. The FCC regulatory provisions state that the TCPA was designed to address calls for telemarketing purposes.[6]  Consequently, calls by a lender or a loan servicer to a borrower about a loan in default are not telemarketing calls.  Plaintiff's TCPA claim fails as a matter of law and should be dismissed.

3.04. The FCC regulations which exempt commercial calls made for debt collection from the TCPA have been reviewed and construed by several federal courts.  At the outset, it is prudent to observe that if one wishes to challenge the validity of FCC

---

[5] 47 C.F.R. 64.1200 (a) (3) (iii).

[6] See 47 C.F.R. §64.1200(d)(3) and (6).

regulations, the place to do it is in and administrative proceeding before the FCC. The FCC has interpretive authority over the TCPA.[7] Federal district courts widely recognize that the rulings of the FCC shape the law in this area.[8] Because Plaintiff has failed to initiate an administrative proceeding at the agency level, he may not directly challenge the validity of the FCC's interpretations, and the district court lacks jurisdiction to consider whether the FCC's interpretations are consistent with the TCPA.[9] Accordingly, this case turns only on whether the district court has subject matter jurisdiction to hear a TCPA dispute that arises out of complaints against a defendant who seeks to collect on an loan in default.

3.05. ***Baisden v. Credit Adjustments, Inc***.[10] provides useful and instructive precedent. In ***Baisden***, a collection of debtors alleged that calls made by debt collectors to cell phones of the debtors were made in violation of the TCPA. As in our present case, the Baisden plaintiffs alleged the debt collectors use automatic dialers and pre-recorded messages. Held, the provisions of TCPA did not apply. Summary judgment in the trial court for defendants was upheld on appeal.

3.06. In ***Herrera v. AllianceOne Receivable Management, Inc***.,[11] a federal district court sitting in California held that debt collection calls are exempt by FCC regulation

---

[7] Charvat v. EchoStar Satellite, LLC, 630 F.3d 459, 467 (6th Cir.2010).

[8] Hill v. Homeward Residential, Inc., 799 F.3d 544, 551 (6th Cir.2015); see also, Baisden v. Credit Adjustments, Inc., 813 F.3d 338 ( 6th Cir. 2016).

[9] 813 F.3d 338 (2016).

[10] 813 F.3d 338 (2016).

[11] 170 F.Supp.3d 1282 (2016).

from Telephone Consumer Protection Act's prohibition against using an artificial or prerecorded voice to deliver a message. The exemption includes calls to debtors and non-debtors alike. Plaintiffs' claims under the TCPA were dismissed upon a ruling in favor of Defendants' 12(b)(6) motion.

3.07. Likewise, in **Bridge v. Ocwen Bank**,[12] a federal district court sitting in Ohio evaluated TCPA claims in the context of a debt collector's efforts to collect on a mortgage loan in default. The debtor complained vociferously about alleged wrongdoing of the loan servicer, which was a different entity than the lender. The Plaintiff's TCPA claims were dismissed, on the basis the Court lacked subject matter jurisdiction. In addition, the Court dismissed Plaintiffs' pendent state claims without prejudice, because there was no federal question claim for the remaining state claims to attach to.[13]

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant Ciara prays that upon consideration hereof, that this Honorable Court find and order that all of Plaintiffs' claims against Ciara Financial Services, Inc. dba Clay Cooley Auto Group in their Complaint at Count I and Count II should fail for lack of subject matter jurisdiction, and that each and all of such claims should therefore be dismissed pursuant to Rule 12 (b)(6) of the Federal Rules of Civil Procedure.

---

[12] 2013 WL 331095 (ND Ohio 2013), not generally reported.

[13] Id. at *2.

Respectfully submitted,

**DOWNS♦STANFORD, P.C.**

*/s/ R. Lynn Fielder*

BY: _____
R. Lynn Fielder
Texas State Bar No. 06971100
Downs ♦ Stanford, P.C.
2001 Bryan Street, Suite 4000
Dallas, TX  75201
Telephone:  214.748.7900
Telecopier:  214.748.4530
Email: lfielder@downsstanford.com

*/s/ Rodney M. Patterson*

BY: _____
Rodney M. Patterson
Texas State Bar No. 15605300
Downs ♦ Stanford, P.C.
2001 Bryan Street, Suite 4000
Dallas, TX  75201
Telephone:  214.748.7900
Telecopier:  214.748.4530
Email:  rpatterson@downsstanford.com

**Attorneys for Defendant Ciara Financial Services, Inc., incorrectly sued as Ciara Financial Services, Inc. dba Clay Cooley Auto Group**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing instrument has been served upon all counsel of record on this the 18th  day of April, 2019 in accordance with the **FEDERAL RULES OF CIVIL PROCEDURE**.

*/s/ Rodney M. Patterson*
_____
Rodney M. Patterson