IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KARLTON A. MAYDWELL,<br>    Plaintiff | § § § § | |
| | § | CIVIL ACTION NO. 3:19-cv-00051-S |
| vs. | § § § | |
| CIARA FINANCIAL SERVICES, INC. dba<br>CLAY COOLEY AUTO GROUP<br>    Defendant | § § § § § | |

**DEFENDANT'S FIRST AMENDED MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION AND RULE 12 (B)(6) MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM WITH MEMORANDUM OF AUTHORITIES**

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT:

NOW COMES Defendant **Ciara Financial Services, Inc.** (named incorrectly in Plaintiff's Complaint as "Ciara Financial Services, Inc. dba Clay Cooley Auto Group"), and makes and files this, Defendant's First Amended Motion to Dismiss For Lack of Subject Matter Jurisdiction and Rule 12 (B)(6) Motion to Dismiss for Failure To State A Claim With Memorandum of Authorities, pursuant to Rule 12(b) of the Federal Rules of Civil Procedure. This motion is submitted to restate and amend specific grounds which establish that Plaintiff Karlton Maydwell's Complaint should be dismissed for failure to state a claim upon which relief can be granted, or alternatively for lack of subject matter jurisdiction.

## I. SUMMARY OF THE ARGUMENT

1.01. Plaintiff filed his Complaint on January 8, 2019. Upon Order of this Court, Defendant answered this Complaint on April 22, 2019, and Defendant also contemporaneously filed its original Rule 12(b)(6) Motion to Dismiss.[1] Plaintiff's Complaint arises from circumstances surrounding Plaintiff's purchase and finance of an automobile from Clay Cooley Enterprises, Inc. dba Clay Cooley Motor Company. Mr. Maydwell financed his purchase of the automobile through a retail installment contract and a loan which was provided by Clay Cooley Motor Company, and later transferred to Ciara Financial Services, Inc.

1.02. The Defendant Ciara Financing Services, Inc. ["Ciara"] Ciara does not do business as "Clay Cooley Group", and Plaintiff's allegation in the caption of this Lawsuit is in error. Plaintiff's claims against Ciara should be summarily dismissed as Plaintiff fails to identify any set of facts or any basis in law for holding Ciara liable for any misconduct under the Telephone Consumer Protection Act, 47 USC §277 et seq.

1.03. The allegations of Count I of Plaintiff's Complaint allege that telephone calls were made using automated redial equipment for the purpose of attempting to collect upon an outstanding and overdue unpaid debt owed by the Plaintiff Maydwell. A fundamental component of Plaintiff's allegations in such a claim must be that the Plaintiff had an injury in fact. Plaintiff's allegations fail to allege an injury in fact, and Plaintiff cannot meet his burden of proving that he has standing to pursue his TCPA claim.

---

[1] Defendant's Motion to Dismiss For Lack of Jurisdiction and Rule 12 (B)(6) Motion to Dismiss for Failure To State A Claim With Memorandum of Authorities [Doc # 016].

**1.04.** The allegations of Count I of Plaintiff's Complaint also allege that telephone calls were made for the purpose of attempted debt collection calls. Such calls are exempt from the TCPA's prohibitions against prerecorded or automated message calls because they are commercial calls which do not convey an unsolicited advertisement and do not adversely affect consumer rights.

**1.05.** Plaintiff's additional Count II claim is stated solely under state law, and relies solely on the Texas Finance Code for its support. As a state law claim only, the Plaintiff's cause of action for violation of the Texas Finance Code cannot stand on the basis of pendant jurisdiction, as there is no federal question matter for it to attach to.

## II.  STANDARD OF REVIEW

**2.01.** Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, pleadings that do not set forth claims upon which relief can be granted must be dismissed.[2]

**2.02.** Although courts in general liberally construe a plaintiff's complaint, more than bare assertions of legal conclusions are required to satisfy federal notice pleading requirements.[3] In practice, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.[4]

---

[2] Jackson v. City of Columbus, 194 F.3d 737, 745 (6th Cir. 1999) (holding that "[d]ismissal pursuant to a Rule 12(b)(6) motion is proper only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations").

[3] Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436-37 (6th Cir. 1988).

[4] Id.

**2.03.** When this Court construes allegations of Plaintiff's Complaint in his favor, the Court will find that the Complaint fails to state a claim for relief against Ciara under any federal statutes or theories that form the basis of Plaintiff's claims for relief. Therefore, Plaintiff's claims against Ciara must be dismissed.

### III. PLAINTIFF'S ALLEGATIONS DO NOT CONFER STANDING TO PURSUE A COMPLAINT UNDER THE TELEPHONE CONSUMER PROTECTION ACT

**3.01.** Plaintiff alleges that Ciara violated the Telephone Consumer Protection Act, 47 USC § 277 et seq ["TCPA"] by placing multiple calls to Plaintiff's telephone number, which is alleged to be a cellular telephone number.[5] However, Plaintiff's allegations of actual, concrete damage are wholly lacking. In Plaintiff's Complaint at Paragraph 25, we find that Plaintiff's allegations of so-called concrete harm consist of such things as

> "invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of his telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on his cellular phone, and diminished space for data storage on his cellular phone."[6]

**3.02.** Plaintiff's allegations fail at a fundamental and constitutional level. One of the basic requirements of Article III is that a plaintiff must suffer an "injury in fact." A plaintiff that has not suffered an "injury in fact" lacks standing to pursue a technical violation of a federal statute notwithstanding a private right of action exists under the plain language of

---

[5] See Plaintiff's Complaint at Paragraph 25, Page 4. [Doc # 001].

[6] Id.

the statute.  A recent United States Supreme Court decision, **Spokeo v. Robins**,[7] holds that Congress cannot erase Article III's standing requirements by statutorily granting the right to sue to a plaintiff who would not otherwise have standing.[8]  In **Spokeo**, the plaintiff alleged a violation of the Fair Credit Reporting Act by claiming that the defendant disseminated false information about him. While this was a violation of the statute, the Court held that the violation did not, on its own, satisfy the injury requirement.[9] Spokeo, supra, 2015 LEXIS 3046. To qualify as a party with standing to litigate, a person must show, first and foremost, "an invasion of a legally protected interest" that is "concrete and particularized" and "actual or imminent."[10]   The broad allegations of Plaintiff basically allege torts, rather than damages,  and such allegations fail to satisfy the concreteness component of standing.

**3.03.**  Standing represents a jurisdictional requirement which remains open at all stages of litigation.[11] Because standing is a matter of subject matter jurisdiction, the issue of standing must be addressed, even if not previously raised by a Defendant.[12]

---

[7] 136 S. Ct. 1540 (2016).

[8] Id. at 1548.

[9] Id. at 1543-44.

[10] Lujan v. Defenders of Wildlife, 504 U.S. 555, 580, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992).

[11]  National Organization for Women, Inc. v. Scheidler, 510 U.S. 249, 255 (1994).

[12]  Kerr-McGee Chemical Corp. v. U.S. Dept of Interior, 709 F.2d 597, 600 (9th Cir. 1983); Los Angeles Bar Association  v. Eu, 979 F.2d 697, 700 (9th Cir. 1992).

### IV.   Debt Collection Distinguished from Telemarketing

**4.01.**  Regulatory provisions of the Federal Communications Commission ("FCC") state that the TCPA was designed to address calls for telemarketing purposes.[13] Telemarketing has a narrow definition which excludes the practice of debt collection:

> The term **telemarketing** means the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person.[14]

**4.02.**  Debt collection, by contrast, involves a prior or existing business relationship. The FCC has determined that debt collection calls are exempt from the TCPA's prohibitions against prerecorded or auto-dialed message calls because they are commercial calls which do not convey an unsolicited advertisement and do not adversely affect subscriber rights.  In the final analysis, this Court should reasonably conclude that debt collection is not telemarketing, and the provisions of the TCPA do not restrict contacts and communications made for the specific purpose of attempting to collect a debt.  The FCC distinguishes telemarketing calls from calls which are normal, expected business communications.  This distinction is appropriately made, on the basis of legislative intent that was obtained through detailed analysis of the history of the TPCA in legislative debate.

---

[13] See 47 C.F.R. §64.1200(d)(3) and (6).

[14]  47 C.F.R. §64.1200 (f) (12).

**4.03.** The FCC relies heavily on statements obtained from legislative history to conclude that the TCPA was never intended to restrict routine commercial calls, whether made by cell or residential land line. In the words of the House of Representatives, "the restriction ... does not apply when the called party has provided the telephone number of such a line to the caller for use in normal business communications."[15]

**4.04.** Following initial implementation orders, the FCC embarked upon a practice of issuing random orders and declaratory rulings which were intended to provide interpretation and guidance for understanding the TPCA. FCC Orders and Rulings during the ensuing 27 year history of the TCPA have not been a model of consistency. One of the earliest orders was 1992 TCPA Order,[16] which concluded, inter alia, that the TPCA was not designed and should not be interpreted to preclude the use of prerecorded messages to make communications to a party with whom the caller has an established business relationship.[17] The FCC even resisted urging of commenters to create a specific exception for debt collection, noting that none was needed.[18] At the time, the FCC concluded that the TCPA permits an exemption for established business relationship calls

---

[15] H.R. Rep. 102-317 at 17 (1991).

[16] 1992 TCPA Order, 7 FCCR 8752, 8771, 1992 WL 690928. Note, FCC Orders and Reports are typically laden with exceedingly long titles, such the one for this 1992 document: "In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act Of 1991." In this motion, FCC Orders hall be shorthand cited according to [Year] TCPA Order, [Volume] FCCR [Page]. Where available, a Westaw links shall be provided as well.

[17] 1992 TCPA Order, 7 FCCR. 8752, 8771, 1992 WL 690928.

[18] Id., 1992 WL 690928 at *14.

from the restriction on artificial or prerecorded message calls to residences.[19]   An FCC Report and Order of recent vintage does a good job of summarizing the up-and-down history of the TCPA in the hands of the FCC.  For reading enjoyment, the court is commended to **In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act Of 1991** [2012 TCPA Order][20] which provides a chronology of FCC interpretations.  Defendant submits that the early interpretations of the FCC were closely aligned by legislative intent,, and that debt collection  is not an activity restricted by the TCPA.

**4.05.  *Baisden v. Credit Adjustments, Inc*.**[21]   provides useful and instructive precedent. In *Baisden*, a  collection of debtors alleged that calls made by debt collectors to cell phones of the debtors were made in violation of the TCPA.  As in our present case, the Baisden plaintiffs alleged the debt collectors use automatic dialers and pre-recorded messages.  Held, the provisions of TCPA did not apply.  Summary judgment in the trial court for defendants was upheld on appeal.

**4.06.**  In ***Herrera v. AllianceOne Receivable Management, Inc***.,[22] a federal district court sitting in California held that debt collection calls are exempt by FCC regulation from Telephone Consumer Protection Act's prohibition against using an artificial or prerecorded

---

[19] Id.  The business relationship exemption was later curtailed to land lines, and then removed in toto as a part of 2012 TCPA Order, 27 FCC R 1830, 1838, 2012 WL 507959.  However, the underlying analysis and reliance on legislative history still prevails in current FCC Orders.

[20] 2012 TCPA Order, 27 FCC R 1830, 1838, 2012 WL 507959.

[21] 813 F.3d 338 (2016).

[22] 170 F.Supp.3d 1282 (2016).

voice to deliver a message. The exemption includes calls to debtors and non-debtors alike. Plaintiffs' claims under the TCPA were dismissed upon a ruling in favor of Defendants' 12(b)(6) motion.

**4.07.** Likewise, in *Bridge v. Ocwen Bank*,[23] a federal district court sitting in Ohio evaluated TCPA claims in the context of a debt collector's efforts to collect on a mortgage loan in default. The debtor complained vociferously about alleged wrongdoing of the loan servicer, which was a different entity than the lender. The Plaintiff's TCPA claims were dismissed, on the basis the Court lacked subject matter jurisdiction. In addition, the Court dismissed Plaintiffs' pendent state claims without prejudice, because there was no federal question claim for the remaining state claims to attach to.[24]

#### PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant Ciara prays that upon consideration hereof, that this Honorable Court find and order that all of Plaintiffs' claims against Ciara Financial Services, Inc. dba Clay Cooley Auto Group in their Complaint at Count I and Count II should fail for lack of subject matter jurisdiction, and that each and all of such claims should therefore be dismissed pursuant to Rule 12 (b) (6) of the Federal Rules of Civil Procedure.

Respectfully submitted,

**DOWNS STANFORD, P.C.**

---

[23] 2013 WL 331095 (ND Ohio 2013), not generally reported.

[24] Id. at *2.

*/s/ R. Lynn Fielder*

BY: _____
R. Lynn Fielder
Texas State Bar No. 06971100
Downs   Stanford, P.C.
2001 Bryan Street, Suite 4000
Dallas, TX  75201
Telephone:  214.748.7900
Telecopier:  214.748.4530
Email: lfielder@downsstanford.com

*/s/ Rodney M. Patterson*

BY: _____
Rodney M. Patterson
Texas State Bar No. 15605300
Downs   Stanford, P.C.
2001 Bryan Street, Suite 4000
Dallas, TX  75201
Telephone:  214.748.7900
Telecopier:  214.748.4530
Email:  rpatterson@downsstanford.com

**Attorneys for Defendant Ciara Financial Services, Inc., incorrectly sued as Ciara Financial Services, Inc. dba Clay Cooley Auto Group**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing instrument has been served upon all counsel of record on this the 22d day of May, 2019 in accordance with the **FEDERAL RULES OF CIVIL PROCEDURE**.

*/s/ Rodney M. Patterson*
_____
Rodney M. Patterson