## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

KARLTON A. MAYDWELL,

      Plaintiff,

v.

CIARA FINANCIAL SERVICES, INC. d/b/a
CLAY COOLEY AUTO GROUP,

      Defendant.

Case No. 3:19-cv-00051-S

Honorable Karen Gren Scholer

## PLAINTIFF'S REPLY IN SUPPORT OF HIS MOTION TO DISMISS
## DEFENDANT CIARA FINANCIAL SERVICES, INC'S COUNTERCLAIM

NOW comes KARLTON A. MAYDWELL ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd., filing this reply memorandum in support of his Motion to Dismiss the Counterclaim of CIARA FINANCIAL SERVICES, INC. d/b/a CLAY COOLEY AUTO GROUP, ("Defendant").  In support thereof, Plaintiff states as follows:

### I.       BACKGROUND

Defendant's brief in response to Plaintiff's Motion to Dismiss ("Defendant's Response") clearly exemplifies that Defendant has not, and cannot, allege subject matter jurisdiction to properly assert its permissive counterclaims.  Defendant's Response merely sets forth general authority outlining the interpretation of a "transaction or occurrence" under Fed. R. Civ. P. 13, however, Defendant fatally neglects to apply the law to the facts at hand in its meagre attempt to prove that its counterclaims are compulsory.  While Plaintiff's Motion advances a number of cases finding Defendant's counterclaims to be permissive in a near-identical context, what is noticeably absent from Defendant's Response is a single relevant citation to the contrary.  In fact, Defendant

1

completely fails to distinguish any of the authority presented in Plaintiff's Motion.

Likely realizing that its arguments do not pass muster, Defendant inappropriately attempts to challenge the intentions of Plaintiff's counsel in moving to dismiss Defendant's irrelevant counterclaims. Yet, upon looking at the history of the instant action thus far, it is clear that any gross waste of judicial resources is solely attributed to Defendant through its unjustifiable and erroneous filings.

As explained in Plaintiff's Motion to Dismiss and further outlined further below, Defendant's Counterclaim should be dismissed in its entirety.

## II.   ARGUMENT

### A.   Defendant's State Law Counterclaims are Not Derived from a Common Nucleus of Operative Facts as Plaintiff's Federal TCPA Claim

Defendant's counterclaims arising out of a purported breach of contract do not form the same case or controversy under Article III as Plaintiff's TCPA claim for harassing phone calls to his cellular phone. The law that is applicable to Plaintiff's contract with Defendant is governed by state statute.  Plaintiff's TCPA claim is controlled by federal statute. 47 U.S.C. § 227. "The elements of a cause of action for breach of contract are: (1) the existence of a valid contract; (2) performance tendered performance by the plaintiff; (3) breach of the contract by the defendant; (4) damages sustained as a result of the breach." *Dabney v. CitiMortgage, Inc.*, No. 5:16-CV-00987-XR, 2016 U.S. Dist. LEXIS 167058 (W.D. Tex. Dec. 2, 2016) (citing *Winchek v. Am. Exp. Travel Related Servs. Co.,* 232 S.W.3d 197, 202 (Tex. App.—Houston [1st Dist.] 2007, no pet.). On the other hand, "to prove that a defendant violated the TCPA in a case involving a cell phone, a plaintiff must establish that (1) the defendant called his or her cell phone, and (2) the defendant did so using an ATDS or an artificial or prerecorded voice." *Levy v. Receivables Performance Mgmt., LLC*, 972 F. Supp. 2d 409, 417 (E.D.N.Y. 2013). Therefore, it is clear that

2

Plaintiff's TCPA claim and Defendant's breach of contract claims involve very different conduct and issues of law. The sole issues presented by Plaintiff's TCPA claim are: (1) whether Defendant called Plaintiff's cellular phone, (2) whether Defendant used an automatic telephone dialing system or pre-recorded messages, and if it did, (3) whether Plaintiff revoked any prior consent.  Conversely, Defendant's proposed Counterclaim addresses (1) whether there was a valid contract, (2) what the terms of that contract were, and (3) whether the parties met their obligations under the contract. Indeed, nothing in Defendant's proposed Counterclaim addresses its harassing phone calls to Plaintiff.  Accordingly, the proof needed to establish Plaintiff's TCPA claim is far different from the proof needed to establish Defendant's breach of contract claims.

This precise issue has been addressed by various courts across the country.  In *Ramsey v. GM Fin. Co.,* 2015 U.S. Dist. LEXIS 143650, at *5 (M.D. Tenn. Oct. 22, 2015), the court granted the plaintiff's motion to dismiss a counterclaim, because "the proof needed to establish Defendant's violation of the TCPA (e.g., calls made, without express consent, with an automatic telephone dialing system or an artificial or prerecorded voice*)* is different from the proof needed to establish Plaintiff's breach of Contract." The court concluded that the claims were "completely separate and distinct from one another." *Id.*  Similarly in *Dayton Superior Corp. v. Yan*, 2013 U.S. Dist. LEXIS 58009, at *8 (S.D. Ohio Apr. 22, 2013), the court held that a plaintiff's motion to dismiss a counterclaim should be granted when the factual connection between the plaintiff's complaint and the defendant's counterclaim is not sufficient, just as the case at bar. The *Dayton* court found that adjudication of plaintiff's complaint and defendant's counterclaim involved "different issues of law," and that while both the complaint and counterclaim dealt with plaintiff's subject employment, this connection was "not sufficient." *Id.*

Defendant attempts to circumvent Fifth Circuit case law by stating that, "Under 28 U.S.C. §1367, the Court may exercise supplemental jurisdiction over any claim that is so related to any claim upon which the Court has original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." (Dkt. 25, p. 4). However, the Fifth Circuit has not directly addressed how §1367 affects the traditional rule requiring an independent grant of jurisdiction for permissive counterclaims to remain in federal court. *See NatureSweet, Ltd. v. Mastronardi Produce, Ltd.*, 12-1424, 2013 U.S. Dist. LEXIS 16178, 2013 WL 460068, at *4, n.4 (N.D. Tex. 2013) ("There does not appear to be universal agreement about the effect of the 'supplemental jurisdiction' statute on this old regime, and the Fifth Circuit has not ruled on this question."). A case that sheds some additional light on this issue is *Coronado v. D N.W. Houston, Inc.*, 13-2179, 2014 U.S. Dist. LEXIS 83763, 2014 WL 2779548 (S.D. Tex. June 19, 2014). In *Coronado*, plaintiffs sued under the Fair Labor Standards Act ("FLSA"), a federal statute, arguing that their employer misclassified them as independent contractors, rather than employees, which impacted plaintiffs' protections under the FLSA. *Id.* at *2. In response, the defendant filed a counterclaim for breach of contract. *Id.* While the court ultimately held that defendant's counterclaim was permissive and "[did] not form part of the same Article III case or controversy as the FLSA claims," the court went even further in stating that, "*Even if* there was supplemental jurisdiction over the counterclaims, this court would decline to exercise it," citing that it has discretion to "decline to exercise supplemental jurisdiction when 'there are other compelling reasons for declining jurisdiction." *Id.* (citing 28 U.S.C. § 1367(c)(4)) (emphasis added). *See also, Alford v. State Parking Services,* Civil Action No. 3:13-CV-4546-L, 2014 U.S. Dist. LEXIS 171017 at *15 (N.D. Tex. Dec. 10, 2014) ("Even if the court were to determine that it had supplemental jurisdiction, there are compelling reasons

to decline to exercise it. Defendant's counterclaims arise solely under state law and share little, if any, overlap with Plaintiff's FLSA claim.").  Similarly here, not only is Defendant's Counterclaim permissive, as a breach of contract has nothing to do with unlawful automated phone calls to a cellular phone, but even if this court were to determine that it has supplemental jurisdiction over Defendant's Counterclaim, there are compelling reasons to decline to exercise it.  Defendant's counterclaim arises solely under state law, sharing little, if any, overlap with Plaintiff's TCPA claim, and public policy strongly favors the dismissal of these retaliatory counterclaims, as allowing such claims to proceed would dissuade TCPA plaintiffs from asserting their statutory rights.  Since Plaintiff's claims and Defendant's Counterclaim are not derived from a common nucleus of operative facts and because there are compelling reasons to decline jurisdiction, Defendant's Counterclaim must be denied in its entirety.

### B.    Judicial Economy and Public Policy Do Not Support the Exercising of Supplemental Jurisdiction over Defendant's Counterclaim

While Defendant asserts that exercising supplemental jurisdiction will "promote judicial efficiency," this is simply untrue. "Federal courts should exercise judicial restraint and avoid state law issues wherever possible." *Thomas v. Dickel*, 213 F.3d 1023, 1026 (8th Cir. 2000).

Several courts have explored the notion of judicial economy in an issue similar to the case at bar. For instance, in *Robles v. Ally Bank*, 2013 U.S. Dist. LEXIS 417 (S.D. Cal. Jan. 2, 2013) the plaintiff's complaint asserted a violation of the Rosenthal Fair Debt Collection Act, a consumer protection statute, while defendant counter-claimed for breach of contract. The *Robles* court utilized the logical relationship test, which required the court to "analyze whether the essential facts of the various claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit." *Id.* at *9. Using this standard, the court rejected defendant's arguments, including one of judicial economy, and opined that the

5

claims did not bear any "logical relation to one another," and found that the counterclaim for breach of contract was permissive rather than compulsory, denying defendant's leave to file its counterclaim. *Id.*

Similarly in *Ensz v. Chase Bank USA NA*, 2019 U.S. Dist. LEXIS 2148, 2019 WL 136982, the court there discussed this exact issue, finding Defendant's judicial efficiency argument "unavailing."  While the court agreed that, "if plaintiff's claims and defendant's counterclaims derive from a common nucleus of operative facts, 'the goals of judicial economy and efficiency would be served, to some extent, by the Court's exercise of jurisdiction over [defendant]'s counterclaim, in that 'all claims related to [plaintiff's] alleged . . . debt w[ould] be resolved in a single action,' the court also found that "any increase in judicial efficiency is negligible under the circumstances."  The *Ensz* court held that, "Given that plaintiff has requested a jury, any increase in efficiency by trying defendant's counterclaims with plaintiff's TCPA claims is offset by calling a jury, in a proceeding subject to the Federal Rules of Civil Procedure, to try a simple collection claim that could be litigated much more efficiently before a magistrate in state court.  *Id.* at *17. By the same token, here, Plaintiff has requested a jury trial for claims arising under federal law that have nothing to do with any contractual disputes with Defendant.   Following *Ensz*, Defendant's collection claims could be litigated more efficiently in state court, and public policy favors the dismissal of Defendant's Counterclaim.

With regard to public policy concerns, the *Ensz* court stated, "Regardless of any minor efficiencies that may be realized by the Court exercising supplemental jurisdiction, the potential chilling effect of defendant's counterclaims on future TCPA claims warrant the Court declining supplemental jurisdiction. Allowing a defendant to bring counterclaims against plaintiff has a chilling effect on future TCPA claims, which "clearly undermine[s] the remedial purpose of the

TCPA and its goal of protecting consumers from unwanted automated telephone calls and of 'curbing calls that are a nuisance and invasion of privacy.'" *Riazi*, 2017 U.S. Dist. LEXIS 157011, 2017 WL 4260847, at *6 (quoting *Gager v. Dell Fin. Servs., LLC*, 727 F.3d 265, 271 (3rd Cir. 2013)); *see also Ammons*, 305 F. Supp. 3d at 825 ("The Court therefore concludes that asserting supplemental jurisdiction over Ally's fraudulent inducement state law Counterclaim would undermine the remedial purpose of the TCPA and its goal of protecting consumers from unwanted automated calls to cell phones—even for debt collection purposes—that annoy and invade privacy."); *Ginwright*, 2016 U.S. Dist. LEXIS 139870, 2016 WL 5867443, at *5 (holding that allowing creditors to bring debt collection claims in response to TCPA claims would impede the enforcement of the statutorily prescribed penalty intended to protect consumers and would "involve the district courts in debt collection matters having no federal significance." (quoting *Whigham v. Beneficial Finance Co.*, 599 F.2d 1322, 1324 (4th Cir. 1979))). *Ensz*, 2019 U.S. Dist. LEXIS 2148 at *17-18.

Ultimately, it is clear that Defendant is attempting to overshadow Plaintiff's federal TPCA claim for unwanted and harassing phone calls with its filing of breach of contract counterclaims against Plaintiff.  In a contradictory fashion, Defendant advances arguments regarding judicial economy, stating, "Plaintiff's method of proceeding constitutes a gross waste of judicial resources."  (Dkt. 25, Defendant's Response, p. 8)  Yet, based on the history of this matter, it is clear that Defendant and its counsel are the responsible parties for any gross waste of resources. This is underscored by Defendant's filing of a Motion to Dismiss (Dkt. 16), wherein Defendant perplexingly misread and misapplied the plain text of the Telephone Consumer Protection Act ("TCPA").   Consequently, Plaintiff was forced to incur significant time and resources in responding to Defendant's frivolous motion. (Dkt. 22)  Upon reviewing Plaintiff's Response and

likely recognizing its egregious mistake, Defendant doubled-down in its reckless litigation approach and filed an Amended Motion to Dismiss, wherein Defendant advanced an entirely new argument while its original motion was fully briefed by both sides, and without seeking leave of court. (Dkt. 24). Once again, Plaintiff was forced to expend time and resources in filing a Motion to Strike Defendant's Amended Motion to Dismiss (Dkt. 26). As a result of Defendant's continued vexatious and unreasonable multiplication of the proceedings, Plaintiff has already requested that this Honorable Court sanction Defendant's counsel for its continued misconduct. (*See* Dkt. 22, pp. 13-14; *see also,* Dkt. 26, p.4). For Defendant to now argue that Plaintiff's method of proceeding constitutes a gross waste of judicial resources is an entirely disingenuous allegation.

## III.    CONCLUSION

The Court should dismiss Defendant's breach of contract counterclaim for lack of subject matter jurisdiction. The Court further lacks supplemental jurisdiction over Defendant's counterclaim because the claims simply do not arise out of the same case or controversy. Even if the Court finds that the claims arise from a common nucleus of operate facts, it would not be in the interest of judicial economy to hear them jointly because the proof required to establish both claims is completely separate and unrelated. For the reasons stated herein as well as in Plaintiff's Motion, Defendant's Counterclaim should be dismissed in its entirety.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter an order dismissing Defendant's Counterclaim in its entirety, and for any additional relief deemed appropriate.

Dated: June 4, 2019                           Respectfully submitted,

                                              s/ Taxiarchis Hatzidimitriadis
                                              Taxiarchis Hatzidimitriadis, Esq. #6319225
                                              Counsel for Plaintiff
                                              Admitted in the Northern District of Texas
                                              Sulaiman Law Group, Ltd.
                                              2500 S. Highland Ave., Suite 200
                                              Lombard, Illinois 60148
                                              (630) 575-8181 x110 (phone)
                                              (630) 575-8188 (fax)
                                              thatz@sulaimanlaw.com


## CERTIFICATE OF SERVICE

The undersigned, one of the attorneys for plaintiff, certifies that on June 4, 2019, he caused a copy of the foregoing, **PLAINTIFF'S REPLY IN SUPPORT OF HIS MOTION TO DISMISS CIARA FINANCIAL, INC.'S COUNTERCLAIM**, to be served electronically via CM/ECF system on:

DOWNS & STANFORD PC
R. Lynn Fielder
Rod Patterson
2001 Bryan Street, Suite 4000
Dallas, Texas 75201
lfielder@downsstanford.com
rpatterson@downsstanford.com


                          Respectfully submitted,

                          s/ Taxiarchis Hatzidimitriadis
                          Taxiarchis Hatzidimitriadis, Esq.