IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| KARLTON A. MAYDWELL,<br><br>    Plaintiff,<br><br>v.<br><br>CIARA FINANCIAL SERVICES, INC.,<br>d/b/a CLAY COOLEY AUTO GROUP,<br><br>    Defendant. | Case No. 3:19-cv-51-BT |

## **SCHEDULING ORDER**

The parties to the above-captioned civil matter have consented to proceed before United States Magistrate Judge Rebecca Rutherford under 28 U.S.C. § 636(c). The Court enters this Pretrial Scheduling Order in accordance with Fed. R. Civ. P. 16(b) and 26, the local civil rules of the District Court (except as modified herein), and the District Court's Civil Justice Expense and Delay Reduction Plan. Unless otherwise ordered or specified herein, all limitations and requirements of the Federal Rules of Civil Procedure, as amended, must be observed.

All parties to this proceeding must adhere to the "standards of litigation conduct . . . observed in civil actions litigated in the Northern District of Texas." *Dondi Props. Corp. v. Commerce Savs. & Loan Ass'n*, 121 F.R.D. 284, 286, 288 (N.D. Tex. 1988) (en banc) (per curiam) ("Lawyers should treat each other, the opposing party, the court, and members of the court staff with courtesy and civility and conduct themselves in a professional manner at all times.").

1. **Amendment of Pleadings and Joinder of Parties**: Amended pleadings, including amendments joining additional parties, must be filed by **July 8, 2019**. Motions for leave to amend need not be filed so long as the amendment is filed within the deadline set in this paragraph. After July 8, 2019, a party may amend its pleadings only with leave of Court, upon a showing of good cause.

    a. **Redline Requirement**: The amending party shall attach as an exhibit to the pleading a redlined version of the prior pleading.

    b. **Response to Amended Pleading**: The deadline to file a response to an amended pleading is 21 days after the date the amended pleading is served, notwithstanding expiration of the amended pleading deadline.

2. **Completion of Discovery**: All fact and expert discovery must be initiated in time to be completed by **December 4, 2019**. This includes the use of subpoenas to obtain documents from third parties under Fed. R. Civ. P. 45, and the supplementation of discovery responses as required by Fed. R. Civ. P. 26(e). The parties may agree to extend the discovery deadline, provided (1) the extension does not affect the dispositive-motion deadline established by this Pretrial Scheduling Order, and (2) the parties give prompt written notice of the extension to the Court.

   A party with the burden of proof on a claim or defense must designate expert witnesses by **September 3, 2019**. A party without the burden of proof on an issue, but who wishes to utilize an expert witness, must designate expert witnesses by **October 4, 2019**. Parties must designate rebuttal experts by **November 1, 2019**. The designation of experts must comply with the provisions of Fed. R. Civ. P. 26(a)(2).

3. **Mediation**: The parties must complete mediation by **December 6, 2019**. At the conclusion of mediation, counsel must, within three business days, file a joint report notifying the Court of the results of mediation and, if the case did not settle, the status of settlement negotiations.

4. **Dispositive Motions**: All motions that would dispose of all or any part of this case, including motions for summary judgment, must be filed by **January 15, 2020**. Objections to the qualifications or competency of experts, sometimes referred to as *Daubert* motions, will be considered as dispositive motions and must be filed by the dipositive-motion deadline. The deadline for filing dispositive motions will not be modified except upon written motion for good cause shown.

5. **Other Motion Practice**:

       a. The Court encourages the **informal resolution of discovery disputes**. To this end, the parties are directed to schedule a telephone conference with the Court before filing any discovery motion.

  b. The Court is aware of a trend today in which fewer cases go to trial, and in which there are generally fewer speaking or "stand-up" opportunities in court, particularly for young lawyers (*i.e.*, lawyers practicing for less than seven years). The Court encourages litigants to be mindful of opportunities for young lawyers to conduct hearings before the Court, particularly for motions where the young lawyer drafted or contributed significantly to the underlying motion or response. In those instances where the Court is inclined to rule on the papers, a representation that the argument would be handled by a young lawyer will weigh in favor of holding a hearing. The Court believes it is crucial to provide substantive speaking opportunities to young lawyers, and that the benefits of doing so will accrue to young lawyers, to clients, and to the profession generally. Thus, the Court encourages all lawyers practicing before it to keep this goal in mind.

6. **Trial**: This case will be set for a **JURY TRIAL** to begin **June 22, 2020**.

7. **Courtesy Copies**: The Court does **not** require courtesy copies of any pleadings, motions, or other documents filed on the docket.

8. **Questions**:

  a. Questions relating to this Scheduling Order should be directed to the law clerk, at (214) 753-2411.

  b. Questions concerning electronic filing procedures should be directed to the ECF Help Desk at (866) 243-2866.

**SO ORDERED.**

June 11, 2019.

              _____
              REBECCA RUTHERFORD
              UNITED STATES MAGISTRATE JUDGE