**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

KARLTON A. MAYDWELL,

Plaintiff,

v.

CIARA FINANCIAL SERVICES, INC. d/b/a CLAY COOLEY AUTO GROUP,

Defendant.

Case No. 3:19-cv-00051-S

Honorable Karen Gren Scholer

**PLAINTIFF'S MOTION TO DISMISS DEFENDANT
CIARA FINANCIAL SERVICES, INC'S COUNTERCLAIM**

SULAIMAN LAW GROUP, LTD.
Taxiarchis Hatzidimitriadis, Esq. #6319225
Admitted in the Northern District of Texas
2500 S. Highland Ave., Suite 200
Lombard, Illinois 60148
(630) 575-8181 x113 (phone)
(630) 575-8188 (fax)
thatz@sulaimanlaw.com

*Counsel for Plaintiff*

TABLE OF CONTENTS

Table of Authorities……………………………………………………………………….3-4

Preliminary Statement…………………………………………………………..……5-6

Factual Background………………………………………………...…………...……......6

Standard of Review…………………………………………………………………………..7

Legal Arguments……………………………………………………………………………8-14

A. Defendant's Counterclaims are Permissive and this Court Does Not Have Subject Matter Jurisdiction Over Them………………………8-12

B. Public Police Requires the Court to Decline to Exercise Supplemental Jurisdiction Over the Proposed Counterclaims……………………..…...…12-13

Conclusion…………………………………………………………...…………….14-15

# Table of Authorities

**Cases**

*ACA Int'l v. FCC*,
2018 U.S. App. LEXIS 6535. *4-5 (D.C. Cir. March 16, 2018)……………………………….....5

*Brewster v. Wardlaw Claims Service, LLC*,
No. 6:16-CV-00170-RP-JCM, 2016 U.S. Dist. LEXIS 194509 (W.D. Tex. Aug. 2, 2016)……...9

*Diamond v. Terminal Ry. Alabama State Docks*,
421 F.2d 228 (5th Cir. 1970)…………………………………………………………………...9

*Ensz v. Chase Bank United States Na*,
No. 18-cv-2065-CJW-MAR, 2019 U.S. Dist. LEXIS 2148 (N.D. Iowa Jan. 7, 2019)………..9-11

*First Cmty. Credit Union* v. *Levison*,
395 S.W.3d 571, 579-81 (Mo. Ct. App. 2013)………………………………………………..13

*Home Builders Ass'n of Miss., Inc. v. City of Madison*,
143 F.3d 1006, 1010 (5th Cir. 1998)…………………………………………………..….7

*Kokkonen v. Guardian Life Ins. Co. of Am.*,
511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994)…………………………….….….7

*Lane v. Halliburton*,
529 F.3d 548, 557 (5th Cir. 2008)………………………………………………………….……..7

*Leatherwood v. Universal Business Service, Co.*,
115 F.R.D. 48 (W.D.N.Y. 1987)………………………………………………………..15-16

*Lucarino v. Con-Dive, LLC*,
No. H-09-2548, 2010 U.S. Dist. LEXIS 20075 (S.D. Tex. Mar. 5, 2010)………………………16

*McCartney v. First City Bank*,
970 F.2d 45, 46 (5th Cir.1992)…………………………………………………………15, 17

*MCI Telecommunications Corp. v. Logan Group*,
848 F. Supp. 86 (N.D. Tex. 1994)……………………………………………………………14

*Nichols v. Niagara Credit Recovery, Inc.*,
No. 5:12-cv-1068 (MAD/TWD), 2013 U.S. Dist. LEXIS 64671 (N.D.N.Y. May 7, 2013)…15-16

*Peterson v. United Accounts, Inc.*,
638 F.2d 1134 (8th Cir. 1981)…………………………..…………………………….11-12

*Ramming v. United States*,
281 F.3d 158, 161 (5th Cir. 2001), cert. denied,
536 U.S. 960, 122 S. Ct. 2665, 153 L. Ed. 2d 839 (2002)……………………………………………...7

*Riazi v. Ally Financial, Inc.*,
No. 4:17CV1705JCH, 2017 U.S. Dist. LEXIS 157011 (E.D. Mo. Sep. 26, 2017)…………..12-13

*Salas v. Ford Motor Credit Co., LLC*,
No. 1:18-CV-748-RP, 2019 U.S. Dist. LEXIS 57182 (W.D. Tex. Apr. 3, 2019)……………10-11

*Sparrow v. Mazda American Credit*,
385 F.Supp.2d 1063, 1066 (E.D. Cal. 2005)………………………………………………16-17

*Unique Concepts, Inc. v. Manuel*,
930 F.2d 573, 574 (7th Cir.1991)…………………………………………………………..14

*United Mine Workers v. Gibbs*,
383 U.S. 715, 726-727 (1966)……………………………………………………………...15

*Ybarra v. Dish Network, L.L.C.*,
807 F.3d 635, at *11 (5th Cir. 2015)………………………………………………………8

**Statutes**

47 U.S.C. § 227……………..…………………………………………………..…………..5-17

15 U.S.C. § 1692…………………………………………………………………11, 15-17

Tex. Fin. Code Ann. § 392.302
Tex. Fin. Code Ann. § 392.304…………………………………………………………5, 7-8

**Other Authorities**

Fed. R. Civ. P. 12…………………………………………………………….……...….5, 7, 9

Fed. R. Civ. P. 13……………………………………………………………………………….9

*In the Matter of Rules & Regulations Implementing the*
*Tel. Consumer Prot. Act of 1991*, 30 F.C.C. Rcd. 7961, 7993-94 (2015)………………………...5

Charles Alan Wright, Arthur R. Miller and Mary Kay Kane,
*Federal Practice and Procedure*, § 1422 (1989)…………………………………………...14

NOW comes KARLTON A. MAYDWELL ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd., and pursuant to Fed. R. Civ. P. 12(b)(1) hereby moves to dismiss the counterclaims of Defendant, CIARA FINANCIAL SERVICES, INC. d/b/a CLAY COOLEY AUTO GROUP, ("Defendant"), as this Court lacks subject-matter jurisdiction over Defendant's permissive counterclaims. In support thereof, Plaintiff hereby states as follows:

## I. PRELIMINARY STATEMENT

Plaintiff's Complaint asserts violations of the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. § 227, *et seq.*, and the Texas Debt Collection Act ("TDCA") pursuant to Tex. Fin. Code Ann. § 392.302 et al. (Dkt. 1, Plaintiff's Complaint). The TCPA is a federal law that prohibits any entity from calling another person's cellular phone using an automatic telephone dialing system ("ATDS") *or* prerecorded messages unless the called party has previously provided the caller with his or her consent to do so. The TCPA further allows for a called party to revoke any previously granted consent. *See In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 30 F.C.C. Rcd. 7961, 7993-94 (2015) ("2015 FCC Order"); *see also ACA Int'l v. FCC*, No. 15-1211, 2018 U.S. App. LEXIS 6535. *4-5 (D.C. Cir. March 16, 2018) ("We uphold the [FCC's] approach to revocation of consent, under which a party may revoke her consent through any reasonable means clearly expressing a desire to receive no further message from the caller").

Plaintiff's Complaint alleges that Defendant violated the TCPA and TDCA by calling Plaintiff's cellular phone not less than 150 times, using prerecorded messages, after Plaintiff had demanded that Defendant stop contacting him. While Plaintiff's claims clearly deal with unlawful phone calls, Defendant's counterclaims have nothing to do with phone calls at all. Rather,

Defendant is asserting claims for amounts allegedly owed on a defaulted automobile loan, which is not properly before this Court as a *compulsory* counterclaim.

As will be detailed below, Defendant's counterclaims must be dismissed, as they are permissive and fail to properly allege subject matter jurisdiction. In addition, public policy strongly favors the dismissal of these retaliatory counterclaims, as allowing such claims to proceed would dissuade TCPA plaintiffs from asserting their statutory rights.

## II. FACTUAL BACKROUND

Several years ago, Plaintiff financed the purchase of his automobile through Defendant. (Dkt. 1, ¶ 9). Plaintiff eventually experienced financial hardship, causing him to fall behind on his monthly payments to Defendant, thus incurring debt ("subject debt"). *Id.* at ¶ 10. Shortly thereafter, "Plaintiff began receiving calls to his cellular phone" from Defendant, who was seeking to collect upon the subject debt. *Id.* at ¶ 11. Upon answering Defendant's phone calls, Plaintiff was subjected to prerecorded messages asking Plaintiff to hold for a representative. *Id.* at ¶ 15. Thereafter, Plaintiff had to endure a noticeable pause, having to say "hello" several times, before he was connected with a representative of Defendant's. *Id.* at ¶ 16. Upon speaking with a representative, Plaintiff was informed that Defendant was attempting to collect upon the subject debt. *Id.* at ¶ 17. Annoyed by Defendant's persistent contacts, including multiple phone calls during the same day, as well as four phone calls within one hour, Plaintiff "demanded that Defendant cease calling his cellular phone." *Id.* at ¶¶ 18-20. Plaintiff "has even reiterated his demands that Defendant stop calling his cellular phone on multiple occasions," yet, Defendant continued to bombard Plaintiff's cellular phone with not less than 150 phone calls. *Id.* at ¶¶ 21-22. Fed up with Defendant's harassment, Plaintiff invoked his statutory rights and filed this civil action against Defendant. *Id.* at ¶ 23.

On April 18, 2019, Defendant answered Plaintiff's Complaint and filed a counterclaim for breach of contract, suit on sworn account, and quantum meruit, seeking no less than $12,938.58, pre-judgment and post-judgment interest permitted by Texas law, and reasonable attorneys' fees and costs. (Dkt. 40, Defendant's Counterclaim, ¶ 73). As discussed below, Defendant's counterclaims appear to be a retaliatory counter-measure in response to Plaintiff invoking his statutory rights under the TCPA and the TDCA. While the reasoning behind the filing of the counterclaims is clear – it is meant to "counter" the statutory damages Plaintiff is seeking in this civil action, a close examination of the counterclaim demonstrates that it should be denied in its entirety.

## III. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(1) allows a party to assert lack of subject-matter jurisdiction as a defense to suit. Fed. R. Civ. P. 12(b)(1). Federal district courts are courts of limited jurisdiction and may only exercise such jurisdiction as is expressly conferred by the Constitution and federal statutes. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994). A federal court properly dismisses a case for lack of subject matter jurisdiction when it lacks the statutory or constitutional power to adjudicate the case. *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001), cert. denied, 536 U.S. 960, 122 S. Ct. 2665, 153 L. Ed. 2d 839 (2002). In ruling on a Rule 12(b)(1) motion, the court may consider any one of the following: (1) the complaint alone; (2) the complaint plus undisputed facts evidenced in the record; or (3) the complaint, undisputed facts, and the court's resolution of disputed facts. *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008).

## IV. LEGAL ARGUMENT

### A. DEFENDANT'S COUNTERCLAIMS ARE PERMISSIVE AND THIS COURT DOES NOT HAVE SUBJECT MATTER JURISDICTION OVER THEM

Plaintiff's TCPA claim is based on Defendant's illegal activities in constantly and consistently placing prerecorded collection calls to Plaintiff's cellular telephone after Plaintiff had revoked consent. To prove that a defendant violated the TCPA in a case involving a cellular phone, a plaintiff must establish that the defendant made a call "using an automatic telephone dialing system or artificial or prerecorded voice." *Ybarra v. Dish Network, L.L.C.*, 807 F.3d 635, at *11 (5th Cir. 2015). To this end, Plaintiff has alleged that Defendant violated the TCPA by using prerecorded messages and an ATDS to place at least 150 calls to his cellular phone after he requested, on multiple occasions, that Defendant stop calling him. (Dkt. 1, ¶¶ 28-29). While it is likely that Defendant placed these calls to Plaintiff's cellular phone in reference to the subject debt (*See Id.* at ¶ 11), the debt and the amount of the same is immaterial to Plaintiff's claim under the TCPA. For purposes of proving his TCPA claim, the amount and character of Plaintiff's debt does not in any way impact Plaintiff's ability to recover under the TCPA. A consumer cannot be harassed into submission for simply owing money. In fact, the purpose behind the enactment of the TCPA was to protect consumers from unsolicited and unwanted communications. The facts and circumstances of Plaintiff's TCPA and TDCA claims have nothing to do with the validity of the subject debt, and Defendant's counterclaims are thus clearly permissive in nature.

#### 1. The claims asserted in this action do not arise from the same aggregate of operative facts and there is no logical relationship between the two parties' claims. Therefore, Defendant's counterclaims must be considered *permissive*, for which there is no subject matter jurisdiction.

Pursuant to Federal Rule of Civil Procedure 13(a)(1)(A), a compulsory counterclaim "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim." Fed. R. Civ. P. 13(a)(1)(A). To determine whether a claim is permissive or compulsory, courts look to the "logical relation" test, which sets a loose standard permitting a broad interpretation in the interest of avoiding a multiplicity of suits and fairness to parties. *See Diamond v. Terminal Ry. Alabama State Docks*, 421 F.2d 228 (5th Cir. 1970). Such logical relationship exists between the plaintiff's original claim and a defendant's counterclaim "when the same operative facts serve as the basis of both claims or the aggregate course of facts upon which the claim rests activates additional legal rights, otherwise dormant, in the defendant." *Brewster v. Wardlaw Claims Service, LLC*, No. 6:16-CV-00170-RP-JCM, 2016 U.S. Dist. LEXIS 194509 (W.D. Tex. Aug. 2, 2016). Defendant's counterclaims do not arise from the same aggregate of operative facts as Plaintiff's claim for illegally placed phone calls, as Defendant is bringing counterclaims under breach of contract, suit on sworn account, and quantum meruit theories, regarding a defaulted loan. Defendant has made no showing that the parties are of diverse citizenship, nor do Defendant's counterclaims meet the minimum amount in controversy requirement. Thus, Defendant's counterclaims may only go forward if they are compulsory. Because these counterclaims are permissive and Defendant fails to offer any basis for this Court to assert supplemental jurisdiction, the couterclaims must therefore be dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1).

Luckily for the parties here, there are recent decisions that speak directly to the issue at hand. For instance, in *Ensz v. Chase Bank United States Na*, No. 18-cv-2065-CJW-MAR, 2019 U.S. Dist. LEXIS 2148 (N.D. Iowa Jan. 7, 2019) the plaintiff there brought a two-count complaint alleging violations of the TCPA. Defendant Chase Bank, similar to Defendant here,

subsequently brought three counterclaims for breach of contract, account stated, and quantum meruit, based on the allegations that pursuant to a written agreement with plaintiff, defendant issued a credit card account in plaintiff's name, and that plaintiff incurred $4,742.90 in charges that are now past due. *Id.* In response, the plaintiff filed her motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) arguing that the Court lacks subject matter jurisdiction over Defendant's counterclaims. *Id.* In *Ensz,* the court sought to determine the following two issues: 1) Whether defendant's permissive counterclaims formed a part of the same case or controversy as plaintiff's claims; and 2) if so, whether compelling reasons exist for the Court to decline jurisdiction over defendant's counterclaims. *Id.* The court ultimately found that the plaintiff's TCPA claims were <u>not</u> premised on the existence or validity of any underlying agreement with, or a debt owed to, defendant and that defendant's counterclaims did not derive from the same common nucleus of operative facts. *Id* at *15. Moreover, the court also held that even if defendant's counterclaims formed a part of the same case or controversy as plaintiff's [TCPA] claims, the Court would still decline to exercise jurisdiction over the counterclaims. *Id.* The court reasoned that: "The chilling effect of defendant's counterclaims on future TCPA claims undermines the remedial purpose of the TCPA and constitutes an exceptional circumstance permitting the Court to decline jurisdiction under Section 1367(c)(4). *Id* at *20. The court in *Ensz* granted Plaintiff's Motion to Dismiss Counterclaim pursuant to Rule 12(b)(1).

*Ensz* is not alone in this stance, as even more recently, the Western District of Texas addressed this same issue in *Salas v. Ford Motor Credit Co., LLC,* No. 1:18-CV-748-RP, 2019 U.S. Dist. LEXIS 57182 (W.D. Tex. Apr. 3, 2019). In *Salas,* the plaintiff similarly filed suit for alleged violations of the TCPA. In response, the defendant there filed a counterclaim for breach of contract, in an attempt to recover an outstanding balance owed on the automobile. In *Salas,* the

Honorable Robert Pitman dismissed the defendant's counterclaim, finding it to be permissive in nature, and stated, "the claim and counterclaim turn on distinct sets of facts that relate to separate provisions in the auto loan contract. The Court finds that there is not a logical relationship between whether Salas consented to be autodialed (or was in fact autodialed) and whether she made the contractually required payments for her car." *Salas*, U.S. Dist. LEXIS 57182, at *7.

Other courts have also widely agreed with the line of reasoning found in *Salas* and *Ensz.* For instance, the court in *Peterson v. United Accounts, Inc.*, 638 F.2d 1134 (8th Cir. 1981) addressed whether a Plaintiff's Federal Debt Collection Practices Act ("FDCPA") claim was compulsory or permissive to a pending state claim by a debt collector for breach of contract for failure to pay the debt owed. *Peterson*, 638 F.2d at 1135.[1] There, the defendant filed suit in state court to collect payment of debts owed by the plaintiff. *Id*. While that action was pending, the plaintiff filed a counterclaim against the defendant for violating the FDCPA by utilizing unfair means to collect the debt. *Id*. The court there was faced with the issue of whether an FDCPA claim was compulsory or permissive to the state claim. *Id*. at 1136. The *Peterson* court found that the plaintiff's FDCPA claim was permissive, not compulsory, reasoning:

> [T]he circumstances giving rise to the original debt are separate and distinct from the collection activities undertaken by [Defendant]. While the debt claim and the FDCPA counterclaim raised here may, in a technical sense, arise from the same loan transaction, the two claims bear no logical relation to one another. Although there is some overlap of issues raised in both cases as a result of the defenses raised in the state action, the suit on the debt brought in state court is not logically related to the federal action to enforce federal policy regulating the practices of the collection debts. *Id*. at 1137.

[1] Like the TCPA, the federal FDCPA statute was also enacted to protect the rights of consumers against, *inter alia*, the harassing conduct of third party debt collectors. 15 U.S.C. § 1692 *et seq*. Similarly, the FDCPA prohibits debt collectors from using harassing conduct to collect debts from consumers including, but not limited to, prohibiting debt collectors from placing excessive calls to consumers. 15 U.S.C. § 1692d.

Here, Defendant's counterclaims rest solely on the interpretation of Defendant's contract with Plaintiff, the amounts paid under the contract, and the amounts owed under the contract, just as in *Peterson*. *Id*. Other than the incidental fact that the alleged debt Defendant sought to collect through its repeated calls involves the same debt for which Defendant is suing Plaintiff, there are no other common facts. It cannot be said that the claims arise from the same aggregate of operative facts per the "logical relation" test. In fact, the operative facts of Plaintiff and Defendant's respective claims are wholly unrelated. *See Peterson*, 638 F.2d at 1136-37.

As if this authority was not enough, the Eastern District of Missouri also examined this very issue in *Riazi v. Ally Financial, Inc.*, No. 4:17CV1705JCH, 2017 U.S. Dist. LEXIS 157011 (E.D. Mo. Sep. 26, 2017). In *Riazi*, the Plaintiff alleged violations of the TCPA against an automobile finance company for placing collection calls to Plaintiff attempting to collect past due car payments. Defendant responded with a counterclaim attempting to seek a judgment of $16,052.43, finance charges, and attorneys' fees and costs. *Id.* at *3. The defendant in *Riazi* argued that supplemental jurisdiction is proper over a breach of contract counterclaim in relation to a claim under the TCPA because it forms part of the same case or controversy as Plaintiff's TCPA claim. *Id* at *3-4.  In striking down the defendant's argument, the *Riazi* court stated that while it is "likely that the reason [Ally] placed these calls to [*Riazi's*] cell phone was related to the debt which is the subject of Ally's counterclaim, the Court finds that the operative facts of Ally's breach of contract counterclaim are distinct and separate from the operative facts necessary for *Riazi's* proving her TCPA claim. In particular, the existence of a contract between *Riazi* and Ally, *Riazi's* default under the contract, and the amount and nature of *Riazi's* alleged debt are not relevant to *Riazi* proving her TCPA claim. Considering the necessary

elements of a TCPA claim and the necessary elements of a breach of contract claim, the Court found that the proof necessary to establish *Riazi's* TCPA claim and Ally's counterclaim differ." *Id.* at * 12-13. The court went on to hold that *Riazi's* TCPA claim and Ally's breach of contract counterclaim are not derived from a common nucleus of operative facts, and therefore, this Court does not have supplemental jurisdiction over Ally's counterclaim. *Id.* at *13. *See also e.g., Ramsey v. GM Fin. Co.*, 2015 U.S. Dist. LEXIS 143650, 2015 WL 6396000, at *2 (M.D. Tenn. Oct. 22, 2015) (unreported) ("Although Plaintiff's [TCPA] claim, from a broad perspective, arose from the underlying debt upon which Defendant sues, a closer look reveals that the operative facts from which Plaintiff's federal claim arose are separate and different from the operative facts from which Defendant's state law [breach of contract] claim arose."; "The proof needed to establish Defendant's violation of the TCPA (e.g., calls made, without express consent, with an automatic telephone dialing system or an artificial or prerecorded voice) is different from the proof needed to establish Plaintiff's breach of the Contract (e.g., existence of a valid contract, default, damages).").

Since this identical issue has been ruled on time and again, Plaintiff asks that this Honorable Court follow the reasoned opinions set forth in this Motion and dismiss Defendant's counterclaims.

**2. This Court does not have subject matter jurisdiction over Defendant's permissive counterclaim as the counterclaim does not have its own independent basis for federal court jurisdiction.**

If Defendant's counterclaims are not compulsory, they are permissive and thus must have an independent jurisdictional basis. *See Employers Ins. v. United States,* 764 F.2d 1572, 1576 (Fed. Cir. 1985), and if there is no such independent jurisdictional basis, courts will exclude the counterclaim from the case. *See First Cmty. Credit Union* v. *Levison*, 395 S.W.3d

571, 579-81 (Mo. Ct. App. 2013) (internal cites omitted). Once this Court determines Defendant's counterclaims to be *permissive* rather than *compulsory*, this Court may not exercise supplemental jurisdiction over the counterclaims. Particularly, many judges throughout the nation recognize that federal courts have supplemental jurisdiction over compulsory counterclaims, but permissive counterclaims "require a basis of jurisdiction independent from that supporting the main claim." *MCI Telecommunications Corp. v. Logan Group*, 848 F. Supp. 86 (N.D. Tex. 1994); *see also Hart v. Clayton-Parker and Associates, Inc.*, 869F. Supp. 774, 776 (D. Ariz. 1994) (citing *Unique Concepts, Inc. v. Manuel*, 930 F.2d 573, 574 (7th Cir.1991)) (emphasis added); Charles Alan Wright, Arthur R. Miller and Mary Kay Kane, *Federal Practice and Procedure*, § 1422 (1989) (noting that while federal courts have jurisdiction over counterclaims, permissive counterclaims *must* be supported by independent grounds for federal jurisdiction). Defendant cannot even suggest that its common law counterclaims have an independent basis for Federal jurisdiction, as Defendant failed to allege any facts to suggest the same. Accordingly, this Court must dismiss Defendant's Counterclaims for lack of subject matter jurisdiction.

**B. PUBLIC POLICY REQUIRES THE COURT TO DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION OVER THE PROPOSED COUNTERCLAIM**

The only possible reason that Defendant seeks to join its state law counterclaims to Plaintiff's federal statutory claim is to gain "leverage" and do "damage control" by offsetting Plaintiff's statutory claims, and possibly dissuade this Plaintiff, and other consumers, from asserting their federal rights regarding an underlying debt. This motivation runs afoul of the intent of the TCPA in protecting the rights of consumers. Defendant should not be allowed to utilize its wholly unrelated collection claim against Plaintiff as a means of mitigating its damages

in the pending TCPA action.

If the Court does determine that there exists even a loose factual connection between the claims, it is still within the district court's discretion as to whether or not to exercise supplemental jurisdiction. The Supreme Court of the United States held, "[o]ur decisions have established that pendent jurisdiction 'is a doctrine of discretion, not of [Defendant's] right,' and that district courts can decline to exercise jurisdiction over pendent claims for a number of valid reasons." *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 172 (1997) (citing *United Mine Workers v. Gibbs*, 383 U.S. 715, 726-727 (1966)).

The Northern District of New York examined this issue in *Nichols v. Niagara Credit Recovery, Inc.*, No. 5:12-cv-1068 (MAD/TWD), 2013 U.S. Dist. LEXIS 64671 (N.D.N.Y. May 7, 2013). In *Nichols*, the plaintiff alleged that the defendant debt collector placed excessive calls in violation of the TCPA and the FDCPA, and the defendant responded with a collection action counterclaim. *Nichols*, 2013 U.S. Dist. LEXIS 64671 at *4. The *Nichols* court declined to extend jurisdiction over a collection action counterclaim, stating that the defendant's collection action counterclaim would predominate over the plaintiff's TCPA and FDCPA claims, as "the evidence required to prove the breach of contract claim is entirely separate from that related to Plaintiff's FDCPA claims[;]" therefore, "[e]ntertaining [Defendant] NCR's breach of contract claim would thus result in a 'mini trial regarding the plaintiff's actual liability on the debt that the defendant was attempting to collect,' unnecessarily allowing the breach of contract claim to predominate over Plaintiff's FDCPA claims." *Id.* at *22 (citing *McCartney v. First City Bank*, 970 F.2d 45, 46 (5th Cir.1992)). The *Nichols* court pointed to the public policy interest in declining to hear the defendant's counterclaim. Quoting to *Leatherwood v. Universal Business Service, Co.*, 115 F.R.D. 48 (W.D.N.Y. 1987), a similar case in the Western District

of New York, the *Nichols* court held:

> **[T]o allow a debt collector defendant to seek to collect the debt in the federal action to enforce the FDCPA might well have a chilling effect on persons who otherwise might and should bring suits such as this**…Given the remedial nature of the FDCPA and the broad public policy it serves, federal courts should be loath to become immersed in the debt collection suits [brought by] the target of the very legislation under which a FDCPA Plaintiff states a cause of action. *Nichols*, 2013 WL 189947 at *8 (citing *Leatherwood*, 115 F.R.D. at 50).

The *Nichols* court's reasoning may be equally applied to the case at bar. Defendant's counterclaims would undoubtedly predominate over Plaintiff's TCPA claim, as the evidence required to prove the respective claims are wholly distinct. If the Court does determine that there exists even a loose logical relation between the claims, it is still within the district court's discretion as to whether or not to exercise supplemental jurisdiction. *Lucarino v. Con-Dive, LLC*, No. H-09-2548, 2010 U.S. Dist. LEXIS 20075 (S.D. Tex. Mar. 5, 2010)

In another similar case from the Eastern District of California, the court declined to extend jurisdiction over a collection action counterclaim, finding that per 28 U.S.C. § 1367(3)(4), compelling reasons existed to decline jurisdiction. *Sparrow v. Mazda American Credit*, 385 F.Supp.2d 1063, 1066 (E.D. Cal. 2005). In that case, the court found the claims to have a logical factual relationship, yet still declined to exercise jurisdiction over the counterclaim collection action and held:

> Even if supplemental jurisdiction exits over Defendant's counterclaims, a court may decline to exercise that jurisdiction where compelling reasons exist. **In a case such as this one, strong policy reasons favor declining to exercise jurisdiction.** As the court states in *Leatherwood* [115 F.R.D. 48 (W.D.N.Y. 1987)], allowing a debt collector to bring an action for the underlying debt in a case brought under the FDCPA may deter litigants from pursuing their rights under that statute.

> [T]o allow a debt collector defendant to seek to collect the debt in the federal action to enforce the FDCPA might well have a chilling effect on persons who otherwise might and should bring suits such as this…Given the remedial nature of the FDCPA and the broad public policy it serves, federal courts should be loath to become immersed in the debt collection suits [brought by] the target of the very legislation under which a FDCPA Plaintiff states a cause of action.
>
> 111 F.R.D. 48, 50 (W.D.N.Y. 1987) (quoting *Roberts v. Nat'l Sch. Of Radio & Television Broadcasting*, 374 F.Supp. 1266, 1272 (N.D. Ga. 1974). A major purpose of the FDCPA is to protect individuals from unfair debt collection practices regardless of whether the individual actually owes a debt. *Baker*, 677 F.2d at 777 ("The FDCPA is designed to protect consumers who have been victimized by unscrupulous debt collectors, regardless of whether a valid debt exists."); *McCartney*, 970 F.2d at 47 ("The Act makes debt collectors liable for various 'abusive, deceptive, and unfair debt collection practices' regardless of whether the debt is valid."); *Keele*, 149 F.3d at 594 ("[T]he plaintiff who admittedly owes a legitimate debt has standing to sue if the [FDCPA] is violated by an unprincipled debt collector.").
>
> **Strong policy reasons exist to prevent the chilling effect of trying FDCPA claims in the same case as state law claims for collection of underlying debt.** This policy satisfies the exceptional circumstances requirement to support an order declining to exercise supplemental jurisdiction over Defendant's state law claims to enforce the debt. *Sparrow*, 385 F.Supp.2d 1063 at 1070-1071 (emphasis added) (internal citations in the original).

The reasoning of the authority cited herein applies directly to this matter, and allowing Defendant to litigate its collection action in Federal court would run contrary to the TCPA's public policy of protecting the privacy interests of telephone subscribers, and would dissuade consumers who owe an alleged debt from seeking to enforce their rights under the TCPA. Accordingly, even if this Court determines that the analysis regarding jurisdiction does not end with the "substantial factual relationship" test or the "logical relationship" test and concludes

that Defendant's counterclaims have sufficient nexus to Plaintiff's claims under the TCPA, compelling reasons exist to decline jurisdiction.

## V. CONCLUSION

This Honorable Court should dismiss Defendant's counterclaims for lack of subject matter jurisdiction. As found by the vast number of courts that have addressed this precise issue, Defendant's counterclaims should be regarded as permissive only, and not compulsory. Where a permissive counterclaim does not have its own independent basis for federal court jurisdiction, this Court may not exercise supplemental jurisdiction over the Counterclaim. Even if the Court determines there exists more than a mere incidental relationship between the claims, Plaintiff asks that this Court deny subject matter jurisdiction for public policy reasons.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter an order dismissing Defendant's counterclaims, and for any additional relief deemed appropriate.

Dated: July 29, 2019

Respectfully submitted,

s/ Taxiarchis Hatzidimitriadis
Taxiarchis Hatzidimitriadis, Esq. #6319225
Counsel for Plaintiff
Admitted in the Northern District of Texas
Sulaiman Law Group, Ltd.
2500 S. Highland Ave., Suite 200
Lombard, Illinois 60148
(630) 575-8181 x110 (phone)
(630) 575-8188 (fax)
thatz@sulaimanlaw.com

**CERTIFICATE OF SERVICE**

The undersigned, one of the attorneys for plaintiff, certifies that on July 29, 2019, he caused a copy of the foregoing, **PLAINTIFF'S MOTION TO DISMISS CIARA FINANCIAL, INC.'S COUNTERCLAIM**, to be served electronically via CM/ECF system on:

DOWNS & STANFORD PC
R. Lynn Fielder
Rod Patterson
2001 Bryan Street, Suite 4000
Dallas, Texas 75201
lfielder@downsstandford.com
rpatterson@downsstanford.com

Respectfully submitted,

s/ Taxiarchis Hatzidimitriadis
Taxiarchis Hatzidimitriadis, Esq.