IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KARLTON A. MAYDWELL, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 3:19-cv-00051-BT |
| | § | |
| CIARA FINANCIAL SERVICES, INC., | § | |
| Defendant. | § | |

**MEMORANDUM ORDER**

Before the Court are Defendant Ciara Financial Services, Inc.'s (CFS) Motion to Dismiss (ECF No. 16) and Amended Motion to Dismiss (ECF No. 24), as well as Plaintiff Karlton A. Maydwell's Motion to Strike CFS's Amended Motion to Dismiss (ECF No. 26). For the following reasons, the Court DENIES all three motions.

Maydwell filed this civil action on January 8, 2019, asserting claims against CFS under the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227 *et seq.*, and the Texas Debt Collection Act (TDCA), Tex. Fin. Code § 392 *et seq.* Compl. 1 (ECF No. 1). In response, CFS filed an answer (ECF No. 19), in which it denied Maydwell's claims, pleaded various defenses, and asserted a counterclaim against Maydwell.[1] Contemporaneously with its Answer, CFS also filed its first Motion to Dismiss, arguing that Maydwell failed to state a claim under the TCPA and that his TDCA claim should be dismissed for lack of subject-matter jurisdiction. Maydwell

---

[1] On October 4, 2019, CFS advised the Court that Maydwell filed a Chapter 7 bankruptcy petition on September 4, 2019. Because CFS's counterclaim is a claim "against the debtor," it is automatically stayed pursuant to 11 U.S.C. § 362(a).

filed a response (ECF No. 22) to CFS's first Motion to Dismiss; and on the deadline to file a reply, CFS filed its Amended Motion to Dismiss, arguing that Maydwell's TCPA claims should also be dismissed for lack of standing. Maydwell objected to CFS's Amended Motion and filed his Motion to Strike. Maydwell also filed a response (ECF No. 35) to CFS's Amended Motion. All the motions have been fully briefed and are ripe for determination.

I.

The Court first considers Maydwell's Motion to Strike and observes that Maydwell correctly asserts that Federal Rule of Civil Procedure 12(g)(2) generally precludes a second motion based on any Rule 12 defense or objection that the defendant could have but neglected to raise in the original motion. *See* Fed. R. Civ. P. 12(g)(2) ("Except as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion."). But CFS's Amended Motion to Dismiss raises the new argument that Maydwell's claims should be dismissed for lack of standing. And standing is a jurisdictional issue that may be raised at any time, irrespective of Rule 12's consolidation and waiver provisions. Because standing may be raised at any time by a party or the court, and the Court would have granted CFS's motion for leave to amend its Motion to Dismiss had it filed one, the Court excuses CFS's failure to seek leave to amend its Motion to Dismiss prior to filing its Amended Motion. Maydwell's Motion to Strike (ECF No. 26) is, therefore, DENIED.

II.

The Court next turns to CFS's motions to dismiss. The Amended Motion states that it "is submitted to restate and amend" the grounds asserted in CFS's first Motion to Dismiss. Am. Mot. 1. In view of this representation, CFS's first Motion to Dismiss (ECF No. 16) is DENIED as moot.

By its Amended Motion to Dismiss, CFS asserts that Maydwell's federal claim for violations of the TCPA should be dismissed on the following grounds: (1) CFS does not do business as "Clay Cooley Group," as recited in the style of Maydwell's Complaint; (2) Maydwell fails to allege an injury-in-fact and, therefore, lacks standing to bring his TCPA claim; (3) Maydwell fails to state a claim for a violation of the TCPA because the Act does not apply to collection calls; and (4) Maydwell's state-law claim for violation of the TDCA must be dismissed because it is not pendent to any viable federal claim. The Court addresses these arguments in turn. Am. Mot. 2-3.

First, CFS denies that it does business as "Clay Cooley Group," as recited in the style of the Complaint, and asserts that this error is fatal to Maydwell's claims. However, CFS does not elaborate or provide any authority to support its argument. Because it is clear that the summons and Complaint gave CFS adequate notice of the fact that it was being sued and of the nature of Maydwell's claims, the Court finds no prejudice resulted from any error or mistake with respect to CFS's name in the style of the Complaint. Accordingly, CFS is not entitled to dismissal based on any misnomer in the style of the Complaint. *See Kroetz v. Aft-Davidson Co.*,

102 F.R.D. 934, 937 (E.D.N.Y. 1984) ("Since the summons and complaint gave said defendant adequate notice that it was being sued, and since no prejudice resulted from the misnaming, we find that it would be inequitable to construe the Federal Rules of Civil Procedure as requiring dismissal of this action."); *United States v. A.H. Fischer Lumber Co.*, 162 F.2d 872, 873 (4th Cir. 1947) ("As a general rule the misnomer of a corporation in a notice, summons . . . or other step in a judicial proceeding is immaterial if it appears that [the corporation] could not have been, or was not, misled." (internal quotation marks and citation omitted)).

Next, CFS argues that Maydwell's allegation that he suffered harm in the form of "invasion of privacy, aggravation . . . , emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of his telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on his cellular phone, and diminished space for data storage on his cellular phone," fails to establish an injury-in-fact sufficient to confer standing. Compl. 4, ¶ 25. However, several federal courts in Texas have addressed this same argument and held that—especially at the pleading stage—an allegation that a plaintiff had to endure the nuisance of unwanted calls satisfies the injury-in-fact requirement for a TCPA claim. *See Cunningham v. Florio*, 2018 WL 4473792, at *4 (E.D. Tex. Aug. 6, 2018), *adopted by* 2018 WL 4473096 (E.D. Tex. Sept. 18, 2018) (finding an injury-in-fact at the pleading stage when the plaintiff alleged "'Defendants placed multiple harassing calls to [him] . . . which would annoy or harass a reasonable person'");

4

*Jamison v. Esurance Ins. Servs., Inc.*, 2016 WL 320646, at *2-3 (N.D. Tex. Jan. 27, 2016) (finding an injury-in-fact at the pleading stage when plaintiff suffered an occupation of his telephone line); *Morris v. Unitedhealthcare Ins. Co.,* 2016 WL 7115973, at *5-6 (E.D. Tex. Nov. 9, 2016), *adopted by* 2016 WL 7104091 (E.D. Tex. Dec. 6, 2016) (finding an injury-in-fact where Plaintiff was annoyed and harassed by unwanted telemarketing calls); *but see Selby v. Ocwen Loan Servicing, LLC*, 2017 WL 5495095, at *3 (S.D. Cal. Nov. 16, 2017) (finding no injury-in-fact when plaintiff suffered harassment in the form of unsolicited calls from debt collector, as opposed to telemarketer). In view of this authority and in the context of CFS's Amended Motion to Dismiss, where the Court must accept Maydwell's allegations as true and view them in the light most favorable to Maydwell, the Court finds that Maydwell has alleged an injury-in-fact sufficient to state a claim under the TCPA.

CFS further argues that Maydwell's TCPA claims should be dismissed because the alleged telephone calls to Maydwell's cellphone were debt collection calls, and such calls are exempt from the TCPA's prohibitions against prerecorded or automated message calls. Although CFS concedes "[t]he position of federal courts across the nation is in flux," it urges the Court to follow what it contends is the "better reasoned course" and dismiss Maydwell's claims because "not every received telephone call will satisfy the concrete injury in fact requirement for standing to assert TCPA claims." Def. Reply 10 (ECF No. 37). As previously noted, Texas federal courts have found that allegations similar to Maydwell's are sufficient to satisfy the injury-in-fact requirement for a TCPA claim at the pleading

5

stage. CFS is not entitled to summary dismissal at this juncture in the proceedings. CFS may reurge its argument in another procedural context on a more fully developed record, such as in a motion for summary judgment.

Finally, CFS argues that Maydwell's state-law claim should be dismissed because his federal claims must be dismissed. But the "general rule" that a court should "decline to exercise jurisdiction over pendent state-law claims when all federal claims are dismissed or otherwise eliminated from a case prior to trial," does not apply here because the Court has rejected CFS's arguments to dismiss Maydwell's federal claims. *Batiste v. Island Records, Inc.*, 179 F.3d 217, 227 (5th Cir. 1999) (citing *McClelland v. Gronwaldt*, 155 F.3d 507, 519 (5th Cir. 1998); *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)).

To the extent CFS asserts additional arguments in its reply to Maydwell's response to its Amended Motion to Dismiss, the Court declines to consider those arguments. *See, e.g., Senior Unsecured Creditors' Comm. of First RepublicBank Corp. v. FDIC*, 749 F. Supp. 758, 772 (N.D. Tex. 1990) (declining to consider an argument raised for first time in a reply brief).

Accordingly, CFS's Amended Motion to Dismiss (ECF No. 24) is DENIED.

**SO ORDERED.**

October 10, 2019.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE