IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KARLTON A. MAYDWELL, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 3:19-cv-00051-BT |
| | § | |
| CIARA FINANCIAL SERVICES, INC., | § | |
| Defendant. | § | |

## ORDER REGARDING AUTOMATIC STAY

On October 4, 2019, Defendant Ciara Financial Services, Inc. (CFS) filed a Notice of Bankruptcy Filing and Imposition of Automatic Stay (ECF No. 50), advising that Plaintiff Karlton A. Maydwell filed a Chapter 7 bankruptcy petition on September 4, 2019. Notice 1; Ex. A (ECF No. 50-1). CFS's Notice states that, as a result, this civil action must be automatically stayed pursuant to 11 U.S.C. § 362(a). Notice 1-2. Indeed, § 362(a) provides that the filing of a petition operates as an automatic stay, applicable to all entities, of any judicial "proceeding *against the debtor*," and "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate [or debtor]." 11 U.S.C. § 362(a)(1), (3) (emphasis added); *see also Matter of S.I. Acquisition, Inc.*, 817 F.2d 1142, 1148 (5th Cir. 1987) (quoting 11 U.S.C. § 362(a)(3)). But the United States Court of Appeals for the Fifth Circuit has held that "a section 362(a)(1) stay is available only for the debtor's benefit and does not prohibit actions against nonbankrupt third parties or codefendants." *S.I.*

1

*Acquisition*, 817 F.2d at 1147 (citing *Wedgeworth v. Fibreboard Corp.,* 706 F.2d 541, 544 (5th Cir. 1983)). And "[t]he automatic stay of the bankruptcy court does not divest all other courts of jurisdiction to hear every claim that is in any way related to the bankruptcy proceeding"; rather, courts retain jurisdiction "to determine the applicability of the stay to litigation pending before them, and to enter orders not inconsistent with the terms of the stay." *Picco v. Global Marine Drilling Co.*, 900 F.2d 846, 850 (5th Cir. 1990) (citing *Hunt v. Bankers Tr. Co.,* 799 F.2d 1060, 1069 (5th Cir. 1986)); *see also Arnold v. Garlock Inc.*, 288 F.3d 234, 236 (5th Cir. 2002) (per curiam) (citing cases) ("Most circuits hold that the district court has jurisdiction to determine the applicability of the automatic stay under § 362(a) to proceedings before it.").

Because Maydwell is the plaintiff in this civil action, his bankruptcy petition does not trigger an automatic stay of the entire matter. *Jorrie v. Bank of N.Y. Mellon Tr. Co., N.A.*, 740 F. App'x 809, 812 (5th Cir. 2018) (per curiam) ("Jorrie's July 2017 bankruptcy filing did not trigger an automatic stay of the present litigation . . . because Jorrie is the plaintiff in this case, and 11 U.S.C. § 362(a)'s automatic stay applies only to judicial proceedings that are '*against* the debtor.'"); *In re Versoy*, 306 F. App'x 65, 68-69 (5th Cir. 2009) (per curiam) (explaining that "if the debtor brings the initial claim, [11 U.S.C.] § 362 has no effect"). Section 362(a)'s automatic-stay provisions do not apply to Maydwell's claims against CFS. Those claims are not stayed and will proceed subject to the Court's June 11, 2019 Scheduling Order. Sched. Ord. (ECF No. 34) (setting case for jury trial on

6/22/2020 and establishing: 12/4/2019 deadline for completing discovery, 12/6/2019 deadline for mediation, and 1/15/2020 deadline for filing dispositive motions).

By contrast, CFS's counterclaim against Maydwell is a claim "against the debtor" and subject to the automatic stay. The Court, therefore, STAYS CFS's counterclaim, subject to any party's motion indicating the bankruptcy court has lifted the 11 U.S.C. § 362(a) automatic stay. Accordingly, the Court terminates all pending deadlines related to CFS's counterclaim against Maydwell, including any deadlines applicable to Maydwell's two pending motions to dismiss (ECF No. 23 & 43). The parties have until 30 days after Maydwell's bankruptcy proceedings conclude to timely file a motion to lift the stay of CFS's counterclaim against Maydwell and reinstatement of Maydwell's motions to dismiss.

**SO ORDERED.**

October 10, 2019.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE